UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMIE & LEE PAYNE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 15-176** |
| **BENCHMASTER FURNITURE, LLC** | * | **SECTION "L" (3)** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER & REASONS

Currently pending before this Court in this case is Plaintiffs' Motion to Certify Class (R. Doc. 7). After considering the parties' briefs and applicable law, the Court now issues this order and reasons.

**I.    BACKGROUND**

Plaintiffs Jamie Payne ("Mrs. Payne") and Lee Payne ("Mr. Payne"), who are Louisiana Residents, brought suit against BenchMaster for an alleged defect in a "Nicholas" leather recliner manufactured by the Defendant BenchMaster Furniture. (R. Doc. 1). Plaintiffs allege that when the recliner is engaged, the backrest and the seat create a "pinch point hazard." Plaintiffs allege that on February 8, 2014, Mrs. Payne attempted to place the chair in the reclined position, at which point her right hand became entrapped in the "pinch point." This allegedly caused an amputation of a segment of her right middle finger.

Plaintiffs set forth several theories of liability against BenchMaster including negligence, products liability, and redhibition. Plaintiffs bring class allegations on behalf of all purchasers of the BenchMaster Nicholas chair throughout the United States.

On August 18, 2015, Plaintiffs amended their complaint to add Golden Eagle Insurance Company, BenchMaster's insurer, as well as several other theories of liability, including breach

of warranty. (R. Doc. 15). Additionally, Plaintiffs – despite the fact they are Louisiana residents and have no named California residents as class members—added a claim under California's product defect law.

On November 17, 2015, this Court granted in part and denied in part Defendant BenchMaster's motion to dismiss Plaintiffs' amended complaint. (R. Doc. 39). BenchMaster's motion was granted as unopposed as to Plaintiffs' claims arising under California law and those claims were dismissed without prejudice. BenchMaster's motion was denied as to the dismissal of Plaintiffs' class allegations.

## II.     LAW & ANALYSIS

### A.     Standard of Review

The proponents of the class bear the burden of demonstrating that the case is appropriate for class treatment. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 n.4 (5th Cir. 2001). Class certification is soundly within the district court's discretion, and this decision is essentially a factual inquiry. *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 502-03 (5th Cir. 2004). The class certification decision generally should not reach the merits of the plaintiffs' claims. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). However, in some cases it is necessary for a district court to go beyond the pleadings to understand the claims, defenses, substantive law, and relevant facts in order to make a meaningful certification decision. *Id.* The district court must make specific findings regarding how the case satisfies or fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Vizena*, 360 F.3d at 503. Using these standards as a guide, the Court will now analyze the requirements for class certification.

**B.     Class Certification**

Plaintiffs seek certification of their claims as a class action under Rule 23(b)(1) and/or 23(b)(3) of the Federal Rules of Civil Procedure. Rule 23 provides in relevant part:

> **(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> **(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
>
>> (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; . . . or
>>
>> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

In order to pass to subsection (b), a putative class action must first meet the requirements of section (a), that is: numerosity, commonality, typicality, and adequacy. Because the Court finds the Plaintiffs do not meet the prerequisites under Rule 23(a), there is no need for the Court to address the two proposed types of Class Actions under Rule 23(b). The Court will address the prerequisites under Rule 23(a) in turn.

1. **Numerosity**

To demonstrate numerosity, Plaintiffs must establish that joinder is impracticable through "some evidence or reasonable estimate of the number of purported class members." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000). While the number of members in a proposed class is not determinative of this inquiry, the Fifth Circuit has cited with approval Professor Newberg's treatise which "suggest[s] that any class consisting of more than forty member 'should raise a presumption that joinder is impracticable.'" *Mullen v. Treasure Chest Casino LLC*, 186 F.3d 620, 624 (5th Cir. 1999).

In this case, Plaintiffs have put forward no evidence that the class extends beyond the named Plaintiffs to this case. In fact, in their recent Witness and Exhibit List, Plaintiffs identified no additional individual with alleged injuries resulting from the "Nicholas" chair. (R. Doc. 56 at 1). Accordingly, the proposed class is a class of two. Moreover, Mrs. Payne is the only purported victim of the allegedly-malfunctioning "Nicholas" chair. Therefore, Plaintiffs are entitled to a presumption in their favor regarding the numerosity issue. Defendants have not offered any evidence to defeat this presumption.

2. **Commonality**

Rule 23(a)(2) requires that there be issues of law or fact common to the class. The commonality requirement is satisfied if at least one issue's resolution will affect all or a significant number of class members. *James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001); *Mullen*, 186 F.3d at 625. There is a low threshold for commonality, and the fact that some plaintiffs have different claims or require individualized analysis does not defeat commonality. *James*, 254 F.3d at 570. However, because Plaintiffs have failed to establish any additional victims or plaintiffs, there can be no commonality.

### 3. Predominance

Rule 23(b)(3) requires that the class share common issues of law or fact that predominate over the questions affecting individual class members. In general, in order to predominate, common issues must form a significant part of individual cases. *Mullen*, 186 F.3d at 626. Specifically, a district court should consider how the cases would proceed to trial, that is, whether any cases would require individual trials on particular issues. *See Castano,* 84 F.3d at 744-45 (finding that certification was inappropriate where individual trials would be necessary to determine an element of the plaintiffs' fraud claims).

While the predominance requirement is similar to the commonality element of Rule 23, the predominance standard is much "more rigorous." *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 603 (5th Cir. 2006). When conducting the predominance analysis, the Court must examine each plaintiff's claims individually in order to determine how these claims would be tried. Even if the Court bifurcates a case, the Court should not look at whether common issues predominate over each phase of the trial, but at whether common issues predominate over the case, as a whole. *Castano*, 84 F.3d at 745 n.21. Furthermore, "where individual damages cannot be determined by reference to a mathematical or formulaic calculation, the [dissimilar] damages issue may predominate over any issues shared by the class." *Exxon*, 461 F.3d at 601. Again, because the Plaintiffs failed to allege or put forth any additional plaintiffs, therefore failing the predominance prong.

### 4. Typicality

Rule 23(a)(3) requires that the claims of the class representatives are typical of the class's claims or defenses. Again, the threshold for typicality is low: class representatives must show similarity between their legal and remedial theories and the theories of the rest of the class.

*Mullen*, 186 F.3d at 625. Typicality does not require that the claims of the class are identical, but rather that they share the same essential characteristics – a similar course of conduct, or the same legal theory. *James*, 254 F.3d at 571 (quoting 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 23.24[4] (3d ed. 2000)). Again, because there are only two class members and only one purported victim of the "Nicholas" chair, Plaintiffs fail the typicality test.

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Certify Class (R. Doc. 7) is **DENIED**.

New Orleans, Louisiana, this 10th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE